**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding          12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Ocean Rig UDW Inc. |
| 2. | **Debtor's unique identifier** | **For non-individual debtors:**<br>☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __<br>☑ Other 310396. Describe identifier Cayman Islands Co. Reg.<br>**For individual debtors:**<br>☐ Social Security number: xxx – xx– ____ ____ ____ ____<br>☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____<br>☐ Other _____. Describe identifier _____. |
| 3. | **Name of foreign representative(s)** | Simon Appell and Eleanor Fisher |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | In the Matter of the Companies Law (2016 Revision) and In the Matter of Ocean Rig UDW Inc. - Grand Court of the Cayman Islands, FSD Cause No. 57 of 2017 (RMJ) |
| 5. | **Nature of the foreign proceeding** | *Check one:*<br>☐ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | **Evidence of the foreign proceeding** | ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>_____<br>_____ |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br>☑ Yes |

Debtor   Ocean Rig UDW Inc._____          Case number (*if known*)_____
         Name

8. **Others entitled to notice**    Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

9. **Addresses**

| **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |
|---|---|
| Cayman Islands_____ | c/o Ocean Rig Cayman Management Svc |
| | Number      Street |
| | SEZC Limited, 3rd Fl. Flagship Building |
| | P.O. Box |
| | Harbour Drive |
| | City      State/Province/Region    ZIP/Postal Code |
| | Grand Cayman, Cayman Islands |
| | Country |
| **Individual debtor's habitual residence:** | **Address of foreign representative(s):** |
| _____ | Simon Appell c/o AlixPartners, LLP |
| Number      Street | Number      Street |
| _____ | 6 New Street Square |
| P.O. Box | P.O. Box |
| _____ | London      EC4A      3BF |
| City      State/Province/Region    ZIP/Postal Code | City      State/Province/Region    ZIP/Postal Code |
| _____ | United Kingdom |
| Country | Country |

10. **Debtor's website** (URL)    www.ocean-rig.com_____

11. **Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ☐ Partnership

   ☑ Other.  Specify: Exempted Company_____

☐ Individual

Debtor  Ocean Rig UDW Inc.                                  Case number (*if known*)_____
       Name

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /s/ Simon Appell                         Simon Appell, as joint provisional liquidator of the debtor without personal liability
  Signature of foreign representative      Printed name

Executed on  03/27/2017
             MM / DD / YYYY

✘ /s/ Eleanor Fisher                       Eleanor Fisher, as joint provisional liquidator of the debtor without personal liability
  Signature of foreign representative      Printed name

Executed on  03/27/2017
             MM / DD / YYYY

**14. Signature of attorney**

✘ /s/ Evan C. Hollander                    Date  03/27/2017
  Signature of Attorney for foreign representative   MM / DD / YYYY

Evan C. Hollander
Printed name

Orrick, Herrington & Sutcliffe LLP
Firm name

51 West 52nd Street
Number    Street

New York                                   NY           10019
City                                       State        ZIP Code

(212) 506-5000                             echollander@orrick.com
Contact phone                              Email address

2216976                                    NY
Bar number                                 State

Official Form 401       Chapter 15 Petition for Recognition of a Foreign Proceeding       page 3

**IN RE OCEAN RIG UDW INC. (IN PROVISIONAL LIQUIDATION)**

*Statement regarding line 8(i), persons or bodies authorized to administer foreign proceedings of the debtor*

- Simon Appell (joint provisional liquidator ("**JPL**") of the debtor)
  c/o AlixPartners Services UK LLP
  6 New Street Square
  London EC4A 3BF
  United Kingdom

- Eleanor Fisher (JPL of the debtor)
  c/o AlixPartners Cayman Limited
  PO Box 776
  Canella Court, Camana Bay, Grand Cayman, KY1 9006
  Cayman Islands

Both Simon Appell and Eleanor Fisher were appointed by the Grand Court of the Cayman Islands to act as the duly authorized foreign representatives of the debtor.

*Statement regarding line 8(ii), parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition*

- The debtor is not currently party to any litigation pending in the United States.

*Statement regarding line 8(iii), entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code*

- Bankruptcy Rule 1007(a)(4) provides, in relevant part, that "a foreign representative filing a petition for recognition under chapter 15 shall file with the petition . . . unless the court orders otherwise, a list containing the names and addresses of . . . all entities against whom provisional relief is being sought under §1519 of the Code." Fed. R. Bankr. P. 1007(a)(4). However, as described in further detail in the *Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 1521(a)(7), and 362*, the JPLs seek provisional relief against a significant number of entities, namely all holders of Scheme Indebtedness (as defined therein) or any affiliate thereof. Given the significant number of parties potentially affected by the requested provisional relief, the JPLs request that the Court waive the requirement to specifically disclose the identity of each entity or party.

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 57 OF 2017 (RMJ)

In Chambers
27 March 2017
Before the Honourable Justice McMillan

**IN THE MATTER OF THE COMPANIES LAW (2016 REVISION)**
**AND**
**IN THE MATTER OF OCEAN RIG UDW INC.**

---

### ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATORS

---

**UPON** the application of Ocean Rig UDW Inc. (the "**Company**") by its Summons for the appointment of joint provisional liquidators

**AND UPON** reading the Petition, the First and Second Affidavits of Antonios Kandylidis, the First Affidavit of Simon Appell, the First Affidavit of Eleanor Fisher and the first Affidavit of Rachel Baxendale, and exhibits thereto

**AND UPON** hearing Leading Counsel for the Company

**IT IS ORDERED** that:

1  Eleanor Fisher of AlixPartners (Cayman) Limited, 38 Market Street, 2nd Floor, Suite 4208, Camana Bay, Grand Cayman, KY1-9006, Cayman Islands (tel: +1 345 946 0081) and Simon Appell of AlixPartners Services UK LLP, 6 New Street Square, London EC4A 3BF, United Kingdom be appointed joint provisional liquidators ("**JPLs**") of the Company with the power to act jointly and severally.

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

2    The JPLs, together with the directors, are authorised to consider and, if the JPLs agree, to promote a scheme of arrangement on behalf of the Company with the Company's creditors on the terms set out in the Restructuring Support Agreement dated 23 March 2017 ("**RSA**"), or on such other terms as the JPLs and directors may agree.

3    The JPLs be appointed as the duly authorised foreign representative of the Company and be authorised to seek relief under Chapter 15 of Title 11 of the United States Bankruptcy Code, and to take such steps arising in connection therewith that the JPLs may consider appropriate.

4    The JPLs be authorised to enter into the attached protocol with the directors of the Company and the directors and any duly appointed representatives of Drill Rigs Holdings Inc., Drillships Financing Holding Inc., and Drillships Ocean Ventures Inc. (together the "**Other Scheme Companies**") for the operation of the businesses of the Company and the Other Scheme Companies.

5    Without prejudice to the powers retained by the Company's board of directors pursuant to paragraph 6 below, until further order, the JPLs be authorised to exercise, within and outside the Cayman Islands, and without further sanction of the Court, the power to:

    (a)    act jointly and severally in their capacity as JPLs of the Company;

    (b)    review and supervise the day-to-day operations of the Company and the actions taken by the directors pursuant to paragraphs 6 below and to attend meetings (in person or by telephone or video-conference) with the directors (or their authorised representatives) and/or other officers of the Company and its subsidiaries, including all meetings of the board of directors of the Company;

    (c)    for the purpose or in furtherance of the restructuring, do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents, and for that purpose, use the Company seal when necessary;

    (d)    in consultation with the management of the Company deal with all questions from the Company's creditors in any way relating to or affecting the restructuring of the Company;

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

2

(e) seek recognition of their appointment in any jurisdiction the JPLs deem necessary;

(f) appoint attorneys and professional advisors, whether in the Cayman Islands, the United States, the United Kingdom, the Marshall Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties and to cause them to be remunerated out of the assets of the Company as an expense of the provisional liquidation;

(g) prove, rank, claim and / or receive dividends in the bankruptcy, insolvency or sequestration of any debtor;

(h) discharge costs, expenses and debts incurred by the Company after the commencement of these proceedings as expenses or disbursements properly incurred in the provisional liquidation;

(i) in consultation with the Company, engage staff (whether or not as employees of the Company and whether located in the Cayman Islands or elsewhere) to assist them in the performance of their duties for the purpose of the proceedings herein;

(j) make payments to creditors which may have the effect of preferring such creditors, in order to minimise the interruption of the day to day activities of the Company;

(k) send any appropriate letters to creditors of the Company notifying them of the proposed scheme of arrangement;

(l) authorise the directors to exercise such of the above powers relating to the Company on such terms as the JPLs consider fit; and

(m) do all other things incidental to the exercise of their powers.

6   Until further order, and subject to the JPLs' oversight and monitoring of the exercise of such powers, and upon the directors of the Company undertaking to include the JPLs in any board meetings of the Company and to attend weekly meetings with the JPLs (or at such other frequency as the JPLs shall from time to time require) in person or by telephone or video-conference, either by themselves or by representatives authorised to act on their behalf, that the directors of the Company be authorised to continue to exercise all powers of

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

3

management conferred on them by the Company and to conduct the ordinary, day-to-day, business operations of the Company. In relation to matters outside of the ordinary course of business of the Company, the directors shall obtain the JPLs' prior approval to the exercise of the directors' powers. In the event that the JPLs and the directors cannot agree upon a proposed action outside the ordinary course of the Company's business, the JPLs and the directors have liberty to apply to this Court for directions. Without prejudice to the generality of the foregoing, the directors of the Company are authorised to:

(a)  continue to operate the bank accounts of the Company in the ordinary course of the Company's business;

(b)  continue to make payments in respect of the fees, costs and expenses of their professional advisors in respect of the restructuring and in respect of the fees of the professional advisors to the supporting creditors to the RSA, in accordance with clause 3.3(n) of the RSA and that for the avoidance of doubt no such payment shall be avoided by virtue of section 99 of the Companies Law;

(c)  conduct meetings of the Company's shareholders in accordance with the provisions of the Company's Articles of association;

(d)  continue to cause the Company to deal with any ongoing proceedings including the following:

  (i)  Arbitration proceedings commenced on 1 September 2016 by HPOR Services De Consultaria Ltda against the Company.

  (ii)  Proceedings commenced by Mayze Services Limited in the English High Court of Justice against the Company and others (Claim No. CL-2016-000815).

(e)  communicate with and carry out any necessary filings with regulatory bodies as appropriate, including, without limitation, the NASDAQ and the US Securities and Exchange Commission, in the name and on behalf of the Company.

7    The JPLs shall not be required to give security for their appointment.

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

8  For the avoidance of doubt:

(a) no disposition of the Company's property by or with the authority of the JPLs in either case in the carrying out of their duties and functions and the exercise of their powers pursuant to this Order shall be avoided by virtue of section 99 of the Companies Law; and

(b) pursuant to section 97 of the Companies Law, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company except with the leave of this Court and subject to such terms as this Court may impose.

9  The costs of this application be paid out of the assets of the Company as an expense of the provisional liquidation.

10  The appointment of the JPLs be advertised once in the Cayman Islands Gazette within 7 days hereof and announced through regulatory filings and press releases issued by the Company as soon as reasonably practicable.

11  The remuneration and expenses of the JPLs, as approved by this Court, shall be recorded on a composite basis and allocated between the Company and Other Scheme Companies on a pro rata basis by reference to the number of rigs owned (indirectly) by the Company and the Other Scheme Companies.

12  Pending the approval of their fees by the Court, the JPLs are authorised to draw 80% of their fees on account from the retainer amounts pre-funded to them by the Company.

13  Until further Order, the remuneration and expenses of the JPLs, to the extent it exceeds the retainer amount, shall be paid on account out of the assets of the Company, in accordance with the Insolvency Practitioners Regulations.

14  The hearing of the Petition herein shall be listed to be heard on a date to be fixed upon an application to the Court by the JPLs, the Company or any creditor of the Company. Any such application by any creditor shall be served on the JPLs and the Company at least 14 clear days before the hearing of the application.

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

5

15    Any creditor of the Company has liberty to apply to the Court at any time to vary or discharge this order, on not less than 14 clear days' notice to the JPLs, and on receipt of such notice, the JPLs shall immediately notify the directors.

16    The JPLs and the directors be at liberty to apply for further directions in relation to, without limitation, any matter concerning the Company or the conduct of the provisional liquidation, the directors or the JPLs.

Dated the 27th day of March 2017
Filed the 27th day of March 2017

_____

The Honourable Justice McMillan

JUDGE OF THE GRAND COURT

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/MCL/713299-02/44144369)

## Insolvency Protocol

### Ocean Rig UDW Inc., ("UDW); Drillships Financing Holdings Inc. ("DFH"); Drillships Offshore Ventures Inc. ("DOV") and Drill Rigs Holdings Inc. ("DRH") (collectively the "Companies")

Eleanor Fisher of AlixPartners (Cayman) Limited and Simon Appell of AlixPartners Services UK LLP, as joint provisional liquidators (the "**JPLs**") of the Companies enter into this Insolvency Protocol Agreement (the "**Protocol**") with the Companies (acting by their directors), as follows:

**Preliminary Statement**

The purpose of the Protocol is to ensure the just, efficient, orderly and expeditious administration of the provisional liquidation proceedings and proposed schemes of arrangement of the Companies in the Cayman Islands (the "**Proceedings**") and to avoid duplication of work and conflict between the JPLs and the directors and management of the Companies.

**Background**

UDW is the parent company of the Ocean Rig group of companies (the "**Group**"). The business of the Group is to operate as an international offshore drilling contractor providing oilfield services for offshore oil and gas exploration, development and production drilling and specializing in the ultra-deepwater and harsh-environment segment of the offshore drilling industry.

UDW is a holding company and was incorporated in the Marshall Islands on 10 December 2007 under the Marshall Islands Business Corporations Act. UDW was migrated to the Cayman Islands by way of continuation under section 201 of the then revision of the Companies Law, and on 14 April 2016 was accordingly registered as an exempted company limited by shares pursuant to section 202 of the Companies Law (2016 Revision) ("**Law**") with incorporation number 310396.

UDW is the immediate parent of DFH, DOV and DRH.

DFH was incorporated in the Marshall Islands on 28 May 2013 under the Marshall Islands Business Corporations Act. DFH was registered as a foreign company under s. 186 of the Law on 18 October 2016 with registration number 316135. DFH owes $1.9bn under a Credit Agreement ("**DFH Facility**") which is proposed to be restructured by way of a Cayman Islands scheme of arrangement in the Proceedings. DFH is a wholly owned subsidiary of the Company. Its principal function is that of a holding company of the DFH silo of subsidiaries and co-borrower under the DFH Facility. Its

primary assets are shares in Marshall Islands rig owning and operating subsidiaries. These are pledged to secure the DFH Facility.

DOV was incorporated in the Marshall Islands on 26 June 2012 under the Marshall Islands Business Corporations Act. DOV was registered as a foreign company under s. 186 of the Law on 18 October 2016 with registration number 316137. DOV owes $1.3bn under a Credit Agreement ("**DOV Facility**") which is proposed to be restructured by way of a Cayman Islands scheme of arrangement in the Proceedings. DOV is a wholly owned subsidiary of the Company. Its principal function is that of a holding company of the DFH silo of subsidiaries and co-borrower under the DOV Facility. Its primary assets are shares in Marshall Islands rig owning and operating subsidiaries. These are pledged to secure the DOV Facility.

DRH was incorporated in the Marshall Islands on 10 October 2008 under the Marshall Islands Business Corporations Act. DRH was registered as a foreign company under s. 186 of the Law on 18 October 2016 with registration number 316134. DRH owes $800mm under the terms of Senior Secured Notes due in 2017 ("**SSNs**") which are proposed to be restructured by way of a Cayman Islands scheme of arrangement in the Proceedings. DRH is a wholly owned subsidiary of the Company. Its principal function is that of the holding company of the DRH silo of subsidiaries and issuer of the SSNs. Its primary assets are shares in Marshall Islands rig owning subsidiaries. These are pledged to secure the SSNs.

**The Proceedings**

1    On 27 March 2017, the Companies each filed a Winding Up Petition in the Grand Court of the Cayman Islands ("**Court**") and sought the appointment of JPLs pursuant to s.104(3) of the Companies Law (2016 Revision). The cause numbers are as follows:

    1.1    UDW - FSD Cause No 57 of 2017 (RMJ)

    1.2    DFH - FSD Cause No 56 of 2017 (RMJ)

    1.3    DOV - FSD Cause No 58 of 2017 (RMJ)

    1.4    DRH - FSD Cause No 59 of 2017 (RMJ)

2    By way of Orders dated 27 March 2017, the Court appointed the JPLs to each of the Companies in each of the above cause numbers ("**Appointment Orders**").

3       In order to ensure the efficient conduct of the Proceedings, the JPLs and the Companies wish to enter into the terms of this Protocol.

**NOW THEREFORE,** subject to the powers already afforded to the JPLs under the Appointment Orders and for so long as the JPLs remain appointed to all of the Companies as provisional liquidators, the JPLs and the Companies (acting by their directors) hereby agree the following:

(1)     Each of the Companies (acting by their directors) shall continue to provide such information as is reasonably requested by the JPLs including, without limitation such reasonable requests for explanations or information as to:

   (a)   The actions or decisions taken by the Companies;

   (b)   The proposed terms of the incurrence of any new indebtedness or borrowing of money by the Companies whether pursuant to loan arrangements with financing institutions, bank or otherwise, and the granting of the security in respect of the same, and the guaranteeing of any indebtedness or borrowings of affiliates;

   (c)   The proposed sale or disposal of any assets of the Companies;

   (d)   The proposed schemes of arrangement including discussions and communications with the supporting creditors to the Restructuring Support Agreement dated 23 March 2017.

(2)     The Companies shall operate their cash management systems and bank accounts in accordance with the procedures set out at Appendix 1.

(3)     The Companies shall be permitted, subject to the JPL's oversight and monitoring of the exercise of such power, to operate in the ordinary course of their business operations unless otherwise ordered by the Court. To facilitate these operations, the officers and directors (or their authorised representatives) of the Companies shall include the JPLs in any board meetings of the Companies and shall meet in person or by telephone or videoconference or by whatever means is most appropriate on a weekly basis, or at such other intervals as the JPLs require, to address matters such as budgeting, cash expenditures, cash management,

ordinary course transactions and all other matters necessary to fully operate the Group's business operations.

(4) In relation to matters outside of the ordinary course of business of the Companies, the directors shall obtain the JPLs' prior approval of the exercise of the directors' powers. In the event that the JPLs and the directors cannot agree upon a proposed action outside the ordinary course of the Company's business, the JPLs and the directors have liberty to apply to this Court for directions.

(5) The JPLs shall give notice to the Companies of all proceedings in the Court and will not object to the Companies attending and seeking to be heard at any hearings before the Court.

(6) The JPLs may communicate and/or consult with the Companies' creditors or any of them, as and when in the manner they believe it is appropriate to do so.

(7) The JPLs may, as they deem necessary and subject to any ruling of the Court, apply for directions or sanction from the Court in relation to any matter. For the avoidance of doubt, this right is without prejudice to the right of the Companies at s.(5) above, to be put on notice of any such application and the right to be heard and, where necessary, object to the directions sought.

(8) The Court shall have exclusive jurisdiction over the remuneration of the JPLs and the JPLs shall seek approval of their remuneration from the Court.

(9) This Protocol shall be binding on and inure to the benefit of the parties hereto and their respective successors, assigns, representatives, heirs, executors, administrators, liquidators, trustees, and receivers, receiver managers, or custodians appointed.

(10) This Protocol may not be waived, amended or modified except in writing by all parties and subject to the approval and authorisation of the Court.

(11) Each party represents and warrants to the other that its execution, delivery, and performance of this Protocol are within the power and authority of such party and have been duly authorised by such party (except that it is acknowledged that approval of the Court (as applicable) is required).

4

(12)   This Protocol may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument, and may be signed by PDF signature, which shall be deemed to constitute an original signature.

(13)   The parties hereto are hereby authorised to take such actions and execute such documents as may be necessary and appropriate to implement and effectuate the terms of this Protocol.

(14)   This Protocol shall be deemed effective upon its approval by the Court. This Protocol shall have no binding or enforceable legal effect until approved by Court.

**IN WITNESS WHEREOF** the parties hereto have caused this Protocol to be executed either individually or by their respective attorneys or representatives hereunto authorised.

**OCEAN RIG UDW. INC.**

By: _____
Director


By: _____
Director

5

**JOINT PROVISIONAL LIQUIDATORS OF OCEAN RIG UDW. INC. (IN PROVISIONAL LIQUIDATION)**

By: _____

Eleanor Fisher as joint provisional liquidator and without personal liability

By: _____

Simon Appell as joint provisional liquidator and without personal liability

**DRILLSHIPS FINANCING HOLDINGS INC.**

By: _____

Director

By: _____

Director

**JOINT PROVISIONAL LIQUIDATORS OF DRILLSHIPS FINANCING HOLDINGS INC. (IN PROVISIONAL LIQUIDATION)**

By: _____

Eleanor Fisher as joint provisional liquidator and without personal liability

6

By: _____

Simon Appell as joint provisional liquidator and without personal liability

**DRILLSHIPS OFFSHORE VENTURES INC.**

By: _____

Director

By: _____

Director

**JOINT PROVISIONAL LIQUIDATORS OF DRILLSHIPS OFFSHORE VENTURES INC. (IN PROVISIONAL LIQUIDATION)**

By: _____

Eleanor Fisher as joint provisional liquidator and without personal liability

By: _____

Simon Appell as joint provisional liquidator and without personal liability

**DRILL RIGS HOLDINGS INC.**

By: _____

Director

7

By: _____
Director



**JOINT PROVISIONAL LIQUIDATORS OF DRILL RIGS HOLDINGS INC. (IN PROVISIONAL LIQUIDATION)**


By: _____
Eleanor Fisher as joint provisional liquidator and without personal liability



By: _____
Simon Appell as joint provisional liquidator and without personal liability

# Appendix 1

## Cash Management Procedures

In this Appendix, unless otherwise defined, capitalised terms have the same meaning given to them in the Protocol.

1     Allocation of costs

    1.1     All operating expenditure of the Companies and their subsidiaries, including amongst others rig running costs, dry dock running costs, projects costs, and special items will be allocated to and paid by the silo which owns the rig(s) and to which those costs relate.

    1.2     The aggregate general administrative expenses of the Companies, including restructuring expenses, will be allocated and paid by each silo on a pro rata basis by reference to the number of drill rigs owned by each silo.

2     Inter-Silo transfers

    2.1     Rig crewing salary and other ancillary costs will continue to be paid by Ocean Rig Offshore Management Ltd. and / or Ocean Rig Management Inc. being the Companies that hold the crew employment contracts and perform certain management services. These costs will be re-invoiced / re-allocated to the relevant silo to which those crewing costs and other ancillary costs relate and will be settled immediately.

3     Intra-Silo transfers

    3.1     Cash will continue to be transferred between the Companies within each silo, in order to facilitate the continued operations of the silo. These intra-silo transfers will be recorded as intercompany payables and receivables in the Group's trial balances, or if necessary in order to preserve the tax position of the Companies and their subsidiaries, as equity movements or otherwise.