**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| OCEAN RIG UDW INC.,[1] | ) | Case No. 17-10736 (MG) |
| | ) | |
| Debtor in Foreign Proceedings. | ) | (Joint Administration Requested) |
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| DRILL RIGS HOLDINGS INC. | ) | Case No. 17-10737 (MG) |
| | ) | |
| Debtor in Foreign Proceedings. | ) | |
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| DRILLSHIPS FINANCING HOLDING INC. | ) | Case No. 17-10738 (MG) |
| | ) | |
| Debtor in Foreign Proceedings. | ) | |
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| DRILLSHIPS OCEAN VENTURES INC. | ) | Case No. 17-10739 (MG) |
| | ) | |
| Debtor in Foreign Proceedings. | ) | |

**TEMPORARY RESTRAINING ORDER AND ORDER SHORTENING NOTICE**
**OF MOTION SEEKING PROVISIONAL RELIEF**

---

[1] UDW (defined below), a foreign Debtor, is a Cayman Islands exempted company with registration number 310396. DRH (defined below), DFH (defined below), and DOV (defined below) are each foreign Debtors that are non-resident corporations registered in the RMI (defined below) with RMI registration numbers 32563, 61701, and 55652, and which are registered as foreign companies in the Cayman Islands with Cayman Islands registration numbers 316134, 316135, and 316137, respectively. The Debtors have a registered address in the Cayman Islands of P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman, KY1-1104, Cayman Islands, and business address c/o Ocean Rig Cayman Management Services, SEZC Limited, 3rd Fl. Flagship Building, Harbour Drive, Grand Cayman, Cayman Islands.

1

Upon the *Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Sections 1519, 1521(a)(7) and 362 of the Bankruptcy Code* (the "Motion") filed on behalf of Simon Appell and Eleanor Fisher of AlixPartners, LLP, in their capacities as the joint provisional liquidators and authorized foreign representatives (in such capacities, the "Petitioners" or "JPLs") of Ocean Rig UDW Inc. ("UDW"), Drill Rigs Holdings Inc. ("DRH"), Drillships Financing Holding Inc. ("DFH") and Drillships Ocean Ventures Inc. ("DOV," and, together with DRH and DFH, the "Subsidiary Debtors," and together with UDW, DRH and DFH, the "Debtors" and each a "Debtor") (in provisional liquidations) in the Debtors' provisional liquidation proceedings under Part V of the Cayman Islands Companies Law (2016 Revision) (the "Companies Law") pending before the Grand Court of the Cayman Islands (the "Cayman Court"), Financial Services Division Cause Nos. FSD0057/2017 (UDW), FSD0059/2017 (DRH), FSD0056/2017 (DFH) and FSD0058/2017 (DOV) (the "Cayman Proceedings"); and upon consideration of the Petitions for Recognition,[2] the Memorandum of Law, the *Appell Declaration*, the *Kandylidis Declaration* and the *Reynolds Declaration*; it is **HEREBY FOUND AND DETERMINED THAT**:[3]

  A. The Petitioners have demonstrated a reasonable probability that the Cayman Proceedings will be recognized as foreign main proceedings pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code, or, in the alternative, as foreign nonmain proceedings under sections 1502(5) and 1517(b)(2) of the Bankruptcy Code.

  B. The Petitioners have demonstrated that, in the absence of the Requested Relief, the Petitioners, the Debtors, their creditors, and other parties in interest will suffer immediate and

---

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.
[3] To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

irreparable harm for which they will have no adequate remedy at law, and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

      C.      The Petitioners have demonstrated that the Requested Relief is urgently needed and will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of this restraining order.

      D.      The Petitioners have carefully crafted the Requested Relief to ensure that it does not inconvenience any parties other than holders of Scheme Indebtedness and such holders' affiliates.

      E.      The interest of the public and will be served by this Court's granting of the Requested Relief.

      F.      The Requested Relief is in the best interests of the Debtors, their creditors, and other parties in interest.

      G.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as the *Amended Standing Order of Reference dated January 31, 2012*, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

      H.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      I.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1409 and 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

      1.      Section 362 of the Bankruptcy Code applies with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States; for the avoidance of doubt, the stay will operate to stay and restrain all holders of Scheme Indebtedness and or any such holders' affiliates, from:

    a. commencing or continuing any actions against the Debtors or their property within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ("Assets");

    b. acting to enforce any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award against the JPLs (in their capacities as JPLs or foreign representatives of the Debtors), the Debtors or their Assets;

    c. commencing or continuing any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against the JPLs (in their capacities as JPLs or foreign representatives of the Debtors), the Debtors or their Assets unless otherwise expressly permitted by the Cayman Orders;

    d. seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to the JPLs (in their capacities as JPLs or foreign representatives of the Debtors), the Debtors or their Assets unless otherwise expressly permitted by the Cayman Orders; and

    e. transferring, relinquishing or disposing of any Assets to any person or entity other than the JPLs (in their capacities as JPLs or foreign representatives of the Debtors).

2. All rights and remedies of any holder of Scheme Indebtedness and such holder's affiliates, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of any or all of Debtors or the Petitioners or affecting the Debtors' property within the territorial jurisdiction of the United States are hereby stayed and suspended except with the written consent of the Debtors and the Petitioners, or leave of this Court, <u>provided</u> that nothing in this Order

shall: (i) enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding; (ii) empower the Debtors to carry on any business for which they are not lawfully entitled to carry on; or (iii) exempt the Debtors from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

4. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are inapplicable to the relief sought and granted herein.

5. This Order is without prejudice to the right of the Petitioners to seek additional relief under applicable provisions of the Bankruptcy Code including, without limitation, section 1519 of the Bankruptcy Code and without prejudice to the right of the Debtors to seek any remedy or to pursue any further relief.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioners are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioners are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7. All parties in interest wishing to be heard shall come before the Honorable Martin Glenn, United States Bankruptcy Judge, at 10:00 a.m. on April 3, 2017, at Courtroom No. 523, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "Hearing"), to show cause why the Provisional Relief Order extending the stay relief granted in this Order beginning on the date the Court enters such Provisional Relief Order and continuing for so long as the stay imposed in the Cayman Proceedings remains in effect in respect of the

Petitioners, the Debtors and their property to the fullest extent possible under section 362(a) of the Bankruptcy Code should not be granted.

8. Objections, if any, may be submitted in writing or asserted orally at the Hearing. for the purpose of opposing the Petitioners' request for a Provisional Relief Order and must be filed, if at all, by March 31, 2017, at 12:00 p.m. on Evan C. Hollander, Esq., Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019 (email: echollander@orrick.com), counsel to the Petitioners. In the event that no response or objection is filed, the Court may consider the entry of the Provisional Relief Order without a hearing.

7. This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order, its implementation or otherwise arising from or related to this case.

6. The Petitioners are hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

8. Notice of the entry of this Order and supporting documents shall be served by 12:00 p.m., March 28, 2017, by e-mail and/or fax on the Notice Parties (as defined in the *Application by Joint Provisional Liquidators Simon Appell and Eleanor Fisher for Order (I) Scheduling Hearing on Verified Petition of Ocean Rig UDW Inc., et al. (in Provisional Liquidations) and Motion for Recognition and Related Relief and (II) Specifying Form and*

[*Remainder of page intentionally left blank.*]

*Manner of Service of Notice*), which shall constitute adequate and sufficient service and notice.

**IT IS SO ORDERED.**

Dated:   March 27, 2017
         New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                         United States Bankruptcy Judge