# MILBANK, TWEED, HADLEY & McCLOY LLP

**1 CHASE MANHATTAN PLAZA**

**NEW YORK, NY 10005**

────────────

212-530-5000

FAX: 212-530-5219

Gerard Uzzi
*Partner*
DIRECT DIAL NUMBER
+1 (212) 530-5670
E-MAIL: GUzzi@milbank.com

June 1, 2017

**LOS ANGELES**
424-386-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
44-20-7615-3000
FAX: 44-20-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

**BEIJING**
8610-5969-2700
FAX: 8610-5969-2707

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SEOUL**
822-6137-2600
FAX: 822-6137-2626

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-5410-2801
FAX: 813-5410-2891

**SÃO PAULO**
55-11-3927-7700
FAX: 55-11-3927-7777

**VIA EMAIL AND ECF**
Hon. Martin Glenn
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
Courtroom 523
New York, NY 10004-1408

Re:    *In re Ocean Rig UDW, Inc.*, Case No. 17-10736 (MG)

Dear Judge Glenn:

We represent the Ad Hoc Group of Term Loan Lenders (the "Term Loan Group") under the DFH Credit Agreement and the DOV Credit Agreement. We write to address assertions relating to the Term Loan Group made by Highland Capital Management LP ("Highland") in the status report filed on May 26 [ECF No. 69] (the "Status Report"). We are concerned these assertions might leave the Court with a false impression regarding the interactions between Highland and the Term Loan Group.

Immediately following the April 20 hearing concerning the JPL's request for provisional relief, counsel to the Term Loan Group invited counsel to Highland to open a direct line of communication. Not until three and a half weeks later did Highland express any interest in engaging with the Term Loan Group. In a letter dated May 15 (a copy of which is enclosed herewith as Exhibit 1), Highland requested an in-person meeting with representatives of the Term Loan Group. The Term Loan Group, which had already successfully negotiated a reasonable settlement with the Ad Hoc Group of 6.5% DRH Secured Notes, the only other party that had voiced an objection to the restructuring, responded immediately to Highland that it was

Hon. Martin Glenn
June 1, 2017
Page 2

willing to meet.  After coordinating schedules and as an accommodation to Highland, the Term Loan Group agreed to meet at 7:30 am on May 25.

Highland states, in paragraph 1 of the Status Report, that on May 2, it caused the delivery of a term sheet to, among others, counsel to the Term Loan Group (the "May 2 Term Sheet").  Highland attached a copy of the May 2 Term Sheet to the Status Report.  Highland subsequently states in paragraph 3 that, in advance of the scheduled May 25 meeting between Highland and the Term Loan Group, Highland "identified certain minimum terms it required in connection with" the May 2 Term Sheet, after which the Term Loan Group cancelled the meeting.  Highland does not disclose its "minimum terms."

We are concerned that Highland's failure to disclose the "minimum terms" may leave the Court with the impression that those "minimum terms" were either the May 2 Term Sheet or a compromise therefrom, that the cancellation of the meeting was without basis, and that Highland is being unfairly excluded from engagement with other parties in interest.  In fact, the "minimum terms" delivered on May 23 were neither the May 2 Term Sheet nor a compromise therefrom.  To the contrary, Highland's "minimum terms" were more than double its economic demands made in its May 2 Term Sheet, which itself had already been rejected as a non-starter and unrealistic.  Notwithstanding that the UDW notes that Highland purports to speak for represent less than 5% of the total claims against the structurally subordinate UDW holding company – and that affected creditors of the UDW holding company are entitled to only about 20% of the reorganized equity of UDW after giving effect to the equity to be distributed to the secured creditors of the silo entities under the schemes of arrangement – Highland's demands increased from receipt of 2.8% of reorganized UDW's equity (as proposed in the May 2 Term Sheet) to *5% of the reorganized equity plus a two-year put option* (as proposed in the May 23 "minimum terms"),[1] even though the UDW notes have no claims against the subsidiary asset companies.  Highland made additional demands with respect to priority recoveries from the potential proceeds of litigation trust to be established for the benefit of all affected UDW holding company creditors.  In light of Highland's gamesmanship, the Term Loan Group determined that the May 25 meeting would be a waste of its time and resources and cancelled the meeting.  Nonetheless, the Term Loan Group invited Highland to make another proposal more in line with the economic realities of the situation and expressed a willingness to meet in such case.  To date, Highland has not responded.

While we would have preferred not to burden the Court with these issues, we believed it necessary to correct the record.  The Term Loan Group is prepared to address any questions or concerns the Court may have.

---

[1] Out of an abundance of caution, we have not attached Highland's proposal because it was labeled as a confidential settlement communication.  We would be happy to provide the Court with a copy if it so desires.

Hon. Martin Glenn
June 1, 2017
Page 3

Respectfully submitted,

/s/ Gerard Uzzi

Gerard Uzzi

cc: Evan C. Hollander (Orrick, Herrington & Sutcliffe LLP)
William S. Haft (Orrick, Herrington & Sutcliffe LLP)
Jeffrey S. Sabin (Venable LLP)

Encl.

**<u>EXHIBIT 1</u>**

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
**T** 212.307.5500  **F** 212.307.5598  www.Venable.com

Jeffrey S. Sabin

**T 212.503.0672**
**F 212.307.5598**
jssabin@venable.com

May 15, 2017

**BY EMAIL AND FEDEX**
Gerard Uzzi, Esq.
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005
GUzzi@milbank.com

**Re:**    **In re Ocean Rig UDW, Inc., et al. – Case No. 17-10736 (MG)**

Dear Jerry:

I write to follow up on a May 9 letter from Collas Crill to Ogier, and Ogier's responses of May 12 and May 13, which I have enclosed for your convenience. Pursuant to those letters, I understand that you and your clients are willing to meet with Highland Capital Management and its professionals to discuss a potential resolution of outstanding disputes related to the planned Schemes of Arrangement and the above-captioned matter. It is Highland's hope that such discussions would address both Highland's and your clients' concerns.

Our main client contacts are based in Dallas, Texas, and are willing to meet in person there, or in New York City. If you and your clients would prefer to meet in New York, we are available for an in-person meeting this Thursday, May 18, at any time after 1:00 p.m. We are also available next Tuesday afternoon or Thursday morning, May 23 and 25 respectively, should one of those days be more convenient.

Please note that, if we are able to arrange for a meeting this week or next, which we hope will be the case, Highland will send to the meeting representatives with full authority to negotiate and authorize any settlement that may be achieved. As a result, would you please confirm that the attendees on your side will have the necessary authority to amend the RSA, if our discussions prove to be productive.

At your earliest convenience, please let me know if you are able to attend a meeting this Thursday afternoon, or any of the other times proposed above.

Best Regards,

Jeffrey S. Sabin

# VENABLE®LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Milbank, Tweed, Hadley & McCloy LLP
May 15, 2017
Page 2

Encs:   May 9 Letter from Collas Crill to Ogier
        May 12 Letter from Ogier to Collas Crill
        May 13 Letter from Ogier to Collas Crill

cc:     Ogier
        Orrick, Herrington & Sutcliffe, LLP
        Collas Crill