**VENABLE® LLP**

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Jeffrey S. Sabin
T 212-503-0672

June 2, 2017

Hon. Martin Glenn
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
Courtroom 523
New York, NY 10004-1408

Re:   In re Ocean Rig UDW, Inc., Case No. 17-10736 (MG)

Dear Judge Glenn:

    Venable LLP represents Highland Capital Management LP ("Highland") in the above-captioned matter. I write in response to the letter to Your Honor from Mr. Gerard Uzzi dated June 1, 2017. My client and I were disappointed that Mr. Uzzi chose to raise publicly in a court filing a settlement communication that I sent to Mr. Uzzi on May 23, 2017. As Mr. Uzzi noted in his letter, that communication was clearly sent on a confidential basis in the context of settlement. Raising a confidential settlement communication in this fashion is counterproductive.

    Furthermore, we take issue with Mr. Uzzi's characterization of our settlement communication and his mischaracterization of alleged delay by Highland in seeking or responding to any alleged settlement overtures. Mr. Uzzi claims that Highland's "demands" in its settlement communication "were more than double its economic demands made in its May 2 Term Sheet." That is not true. Highland's view is that the consideration reflected in that settlement communication was less than that reflected in the May 2 Term Sheet. There may or may not have been a misunderstanding of the terms requested by Highland. What is clear, however, is that the Term Lenders cancelled a previously-scheduled settlement meeting before giving Highland a chance to discuss these terms. Such hardball tactics certainly do not foster the ideal environment for productive settlement negotiations.

    Respectfully, this Court should give no credence to the Term Lenders' efforts to cast Highland in a negative light. The truth is that the Term Lenders made a deal with Ocean Rig's management that would provide the Term Lenders with their desired prospective recovery at the expense of other parties, including Highland. In exchange, the Term Lenders agreed to provide the company's management with what we believe to be unusually rich compensation that far exceeds market terms. Accordingly, our Term Sheet, among other things, sought a market process to objectively confirm or deny Highland's belief in this regard.

17134112_1 (002) (002)



Page 2

Finally, Highland wishes to note that it has received a draft Explanatory Statement in relation to the proposed schemes of arrangement to be considered by the Grand Court in Cayman. Highland is in the process of reviewing the Explanatory Statement and will address the proposed schemes in due course in the Grand Court. Suffice it to say that at this juncture, Highland believes that there are several significant legal and factual matters that warrant serious scrutiny by the Grand Court. Highland intends to address these items in the Grand Court in due course.

We regret the need to burden the Court with this simple but accurate response.

Respectfully submitted,

Jeffrey S. Sabin