Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975
tally.wiener@thecomi.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                            :
**In re:**                                                              :         Chapter 15
                                                                            :
**OCEAN RIG UDW INC.,** *et al.*,                      :         Case No. 17-10736 (MG)
                                                                            :
        Debtors in Foreign Proceedings          :         Jointly Administered
---------------------------------------------------------------x

**OBJECTION
TO THE MOTION OF THE JOINT PROVISIONAL LIQUIDATORS
OF OCEAN RIG UDW INC. ET AL. FOR RECOGNITION
OF FOREIGN MAIN OR NON-MAIN PROCEEDINGS**

Comes now before the Honorable United States Bankruptcy Court for the Southern District of New York, Ocean Rig UDW Inc. shareholder Tally M. Wiener, on her own behalf, and respectfully submits this Objection in opposition to entry of a Recognition Order recognizing the foreign debtors' Cayman Proceedings, as these terms are defined in the Verified Petition of Ocean Rig UDW Inc., et al. (In Provisional Liquidations) and Motion of the Joint Provisional Liquidators for (A) Recognition of the Cayman Proceedings as Foreign Main Proceedings or, in the Alternative, as Foreign Nonmain Proceedings and (b) Certain Related Relief. (Docket No. 2, the "Recognition Motion").[1]  In support of her Objection, she respectfully states as follows:

---

[1] According to footnote 1 of the Recognition Motion: Ocean Rig UDW Inc., a foreign debtor, is a Cayman Islands exempted company with registration number 310396, and debtors Drill Rigs Holdings Inc., Drillships Financing Holding Inc., and Drillships Ocean Ventures Inc. are non-resident corporations registered in the Republic of the Marshall Islands with Republic of the Marshall Islands registration numbers 32563, 61701, and 55652, and are registered as foreign

Recognition of the foreign debtors' Cayman Proceedings is objectionable under 11 U.S.C. §§ 1502 and 1517, based on the settled body of law in this district and the judicial circuit it is in, including but not limited to:

- (1) Judge Lifland's ruling in <u>Bear Stearns</u>, which discusses the obligation of the bankruptcy courts in this district. <u>In re Bear Stearns High-Grade Structured Credit Strategies Master Fund</u>, Ltd., 374 B.R. 122, 125-26 (Bankr. S.D.N.Y. 2007). ("No other party has filed a response or objection to the relief requested. However, recognition under section 1517 is not to be rubber stamped by the courts. This Court must make an independent determination as to whether the foreign proceeding meets the definitional requirements of sections 1502 and 1517 of the Bankruptcy Code.");

- (2) Judge Gerber's ruling in <u>Basis Yield</u>, which denied recognition to a debtor that was an exempted company as is Ocean Rig UDW Inc. applying the registered office presumption of 11 U.S.C. § 1516. <u>In re Basis Yield Alpha Fund Master</u>, Chapter 15 Case No. 07-12762 (Bankr. S.D.N.Y. Sept. 12, 2007), pp. 2, 14-28 http://www.nysb.uscourts.gov/sites/default/files/opinions/159705_37_opinion.pdf ("The motion raises the issues as to whether failures to object by stakeholders divest the Court of the power to make its own determination as to whether the requirements of Bankruptcy Code section 1517 have been satisfied, and whether a presumption embodied in section 1516 of the Code, discussed below, precludes the Court from considering the actual facts . . . ." ); and

- (3) the ruling of the United States Court of Appeals for the Second Circuit in <u>In re Fairfield Sentry Ltd.</u>, 714 F.3d 127, 133 (2d Cir. 2013) ("We conclude that a debtor's [center of main interests, its] COMI is determined as of the time of the filing of the Chapter 15 petition.").

COMI of the debtors appears to lie in Cyprus. However, this Objection need not disprove a Cayman COMI. Rather the burden of proof is on the foreign debtors to prove a Cayman COMI or establishment, which they cannot do even accepting all their evidence filed with the Court. Were the Court to somehow conclude post petition activities warrant a finding of a Cayman COMI or establishment it would condone opportunistic COMI shifting the law condemns, to the disadvantage of shareholders adversely affected by the relief sought in the Cayman Proceedings.

---

companies in the Cayman Islands with Cayman Islands registration numbers 316134, 316135, and 316137, respectively.

**WHEREFORE**, based upon the foregoing, this Objection respectfully requests entry of an Order (i) denying recognition under Chapter 15 of the Bankruptcy Code and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 10, 2017

Respectfully submitted,

/s/ Tally M. Wiener
Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975
tally.wiener@thecomi.com

3