PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
1540 Broadway
New York, NY 10036
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)
leo.crowley@pillsburylaw.com

*Counsel for Wilmington Savings Funds Society FSB,
as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 Case |
| | ) |
| OCEAN RIG UDW INC., *et al.*,[1] | ) Case No: 17-10736 (MG) |
| | ) |
| | ) (Jointly Administered) |
| Debtors in Foreign Proceedings. | |

**INDENTURE TRUSTEE'S LIMITED OBJECTION AND RESERVATION
OF RIGHTS TO THE DEBTORS' ENFORCEMENT MOTION**

1.  Wilmington Savings Funds Society FSB, as successor indenture trustee under the Indenture, dated as of March 26, 2014, governing the 7.25% Senior Notes due 2019 (the "**2019 Notes**") issued by Ocean Rig UDW Inc. (the "**Indenture Trustee**"),[2] by and through its undersigned counsel, hereby submits this limited objection and reservation of rights to the

---

[1] Ocean Rig UDW Inc. ("UDW"), a foreign Debtor, is a Cayman Islands exempted company with registration number 310396. Drill Rigs Holdings Inc. ("DRH"), Drillships Financing Holding Inc. ("DFH"), and Drillships Ocean Ventures Inc. ("DOV") are each foreign Debtors that are non-resident corporations registered in the Republic of the Marshall Islands (the "RMI") with RMI registration numbers 32563, 61701, and 55652, and which are registered as foreign companies in the Cayman Islands with Cayman Islands registration numbers 316134, 316135, and 316137, respectively. The Debtors have a registered address in the Cayman Islands of P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman, KY1-1104, Cayman Islands, and business address c/o Ocean Rig Cayman Management Services, SEZC Limited, 3rd Fl. Flagship Building, Harbour Drive, Grand Cayman, Cayman Islands.

[2] A copy of the Indenture is attached as Exhibit A.

Debtors' *Joint Provisional Liquidators' Motion Pursuant to Sections 105(a), 150, 1509(b)(2)-(3), 1517(d) and 1525(a) of the Bankruptcy Code for an Order Giving Full Force and Effect to Cayman Schemes of Arrangement* [D.I. 122] (the "**Enforcement Motion**"). This objection raises two issues (i) the need for a record to establish that securities being issued under the Cayman schemes are exempt from registration and (ii) the debtors' attempts to frustrate the payment of the Indenture Trustee's fees and expenses.

2. In connection with the Cayman proceedings, holders of the 2019 Notes and other creditors have an option to receive distributions in new securities. Holders of the 2019 Notes and other creditors were advised that the new securities will be exempt from registration, in reliance on section 3(a)(10) of the Securities Act of 1933 but the exemption is not stated in the proposed order. Such contemplated reliance on section 3(a)(10) is set forth at pp. 21-24 of the Explanatory Statement in Relation to Four Schemes of Arrangement Under Section 86 of the Companies Law (cited excerpts are attached as **Exhibit B**).

3. The SEC explained the conditions for reliance on 3(a)(10) as follows:

Before the issuer can rely on the exemption, the following conditions must be met.

- The securities must be issued in exchange for securities, claims, or property interests; they cannot be offered for cash.

- A court or authorized governmental entity must approve the fairness of the terms and conditions of the exchange.

- The reviewing court or authorized governmental entity must:

  o Find, before approving the transaction, that the terms and conditions of the exchange are fair to those to whom securities will be issued; and

  o be advised before the hearing that the issuer will rely on the Section 3(a)(10) exemption based on the court's or authorized governmental entity's approval of the transaction.

- The court or authorized governmental entity must hold a hearing before approving the fairness of the terms and conditions of the transaction.

- A governmental entity must be expressly authorized by law to hold the hearing, although it is not necessary that the law require the hearing.

- The fairness hearing must be open to everyone to whom securities would be issued in the proposed exchange.

- Adequate notice must be given to all those persons.

- There cannot be any improper impediments to the appearance by those persons at the hearing.

SEC Staff Legal Bulletin 3A, June 18, 2008, (footnotes omitted) at pp. 1-2. The Section 3(a)(10) exemption is available without any action by the Division or the Commission. *Id.* at p. 2.

4. Debtors may well have satisfied all of the above conditions -- but that is not ascertainable as of now, for several reasons including that the Cayman "sanctioning" order has not yet been issued and thus whether its findings satisfy the conditions is yet to be seen.

5. There is precedent in this District for substantially similar relief. This Court in *In re PT Berlian Laju Tanker TBK* had a foreign representative request that securities be distributed pursuant to an Indonesian plan of reorganization be exempted from the registration requirements of section 5 of the Securities Act. No. 13-10901 (SMB) [ECF No. 37] (Bankr. S.D.N.Y. Dec. 8, 2014). This Court granted that relief stating that "[t]he Mandatory Exchange is exempt from the registration requirements of Section 5 of the Securities Act of 1933." *In re PT Berlian Laju Tanker TBK*, No. 13-10901 (SMB) [ECF No. 43] (Bankr. S.D.N.Y. Dec. 8, 2014). The Indenture Trustee respectfully submits that before this Court can enforce the Cayman order, it must be satisfied that the Debtors are not violating the U.S. securities laws. This could be accomplished by submission of a supplemental affidavit attesting to the satisfaction of 3(a)(10)'s conditions.

4822-6042-9135.v3

6.  The Indenture Trustee is not a "scheme creditor"[3] and it, together with its predecessor Deutsche Bank Trust Company Americas, has outstanding invoices for fees and expenses aggregating $230,124.60 which debtor UDW Ocean Rig Inc. is obligated to pay, see Indenture section 7.07.[4] Nonetheless the debtors have thus far flatly rejected payment, apparently out of pique because the Indenture Trustee contended in the Cayman proceedings that the 2019 Notes should vote as a separate class.[5] (The Indenture Trustee's position was rejected.) Accordingly, the Indenture Trustee believes that the "charging lien" created by section 7.07(d) of the Indenture must be preserved and that cash distributions to holders of the 2019 Notes must go through the Indenture Trustee as paying agent under the Indenture or, alternatively, that the Indenture Trustee's obligation to process the cancellation of the 2019 Notes be conditioned on payment of its (and its predecessor's) fees and expenses. Bankruptcy Code Section 1507 states that in granting additional assistance to foreign representatives the Court should consider whether such will result in just treatment of all holders of claims. Although the Indenture Trustee is not a scheme creditor, it does hold claims. Similarly under Bankruptcy Code Sections 1521 and 1522 the interests of creditors must be protected.

7.  The Indenture Trustee does not seek to block enforcement but rather to impose reasonable and limited conditions, and accordingly requests that the Enforcement Order sought herein be modified to include the clauses set out in Exhibit E hereto.

---

[3] The definition of "Scheme Creditor" with respect to the 2019 Notes is a person with a beneficial interest as principal in the 2019 Notes. Explanatory Statement at p. 4 (Exhibit B hereto).

[4] The obligation was reaffirmed section 8.3 in the tripartite agreement among debtor UDW Ocean Rig Inc., the Indenture Trustee, and the predecessor indenture trustee (copy attached as Exhibit C).

[5] See exhibit D hereto (emails from debtors rejecting invoices).

| | |
|---|---|
| Dated: New York, New York<br>September 8, 2017 | Respectfully submitted,<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>By: /s/ Leo T.Crowley<br>    Leo T. Crowley<br>    1540 Broadway<br>    New York, NY 10036<br>    (212) 858-1000 (Phone)<br>    (212) 858-1500 (Fax)<br>    leo.crowley@pillsburylaw.com<br><br>*Counsel for Wilmington Savings Funds Society FSB, as Successor Indenture Trustee* |